# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **CHERYL H.,**<br><br>Plaintiff,<br><br>v.<br><br>**NANCY A. BERRYHILL,**[1] **Acting Commissioner of Social Security,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:16-cv-00896-PMW**<br><br><br>**Chief Magistrate Judge Paul M. Warner** |

All parties in this case have consented to Chief Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[2] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Cheryl H.'s ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this action. *See* docket no. 23.

[2] *See* docket no. 14.

# PROCEDURAL BACKGROUND

On December 11, 2012, Plaintiff applied for DIB and SSI, alleging disability beginning on March 15, 2010.[3] Plaintiff's applications were denied initially and upon reconsideration.[4] On July 16, 2013, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[5] and that hearing was held on March 11, 2014.[6] On June 2, 2014, the ALJ issued a written decision denying Plaintiff's claims for DIB and SSI.[7] On August 22, 2014, the Appeals Council granted Plaintiff's request for review and remanded the case to the ALJ for additional proceedings.[8]

A second hearing was held on September 29, 2015.[9] On December 23, 2015, the ALJ issued a second decision denying Plaintiff's claims for DIB and SSI.[10] On July 20, 2016, the Appeals Council denied Plaintiff's request for review,[11] making the ALJ's second decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481. Plaintiff then brought the instant action to appeal that final decision.

---

[3] *See* Administrative Record ("AR ___") 276-277, 278-286.

[4] *See* AR 75-126.

[5] *See* AR 169-170.

[6] *See* AR 59-74.

[7] *See* AR 127-147.

[8] *See* AR 148-151.

[9] *See* AR 43-58.

[10] *See* AR 17-42.

[11] *See* AR 1-7.

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in
> substantial gainful activity. If [the claimant] is, disability benefits
> are denied. If [the claimant] is not, the decision maker must
> proceed to step two: determining whether the claimant has a
> medically severe impairment or combination of impairments. . . . If
> the claimant is unable to show that his impairments would have

> more than a minimal effect on his ability to do basic work
> activities, he is not eligible for disability benefits. If, on the other
> hand, the claimant presents medical evidence and makes the *de
> minimis* showing of medical severity, the decision maker proceeds
> to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled.

If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred by (1) failing to properly evaluate certain medical opinions and (2) failing to account for Plaintiff's alleged impairment of edema. The court will address those arguments in turn.

**I.     Medical Opinions**

In evaluating the weight assigned to medical opinions, an ALJ must consider the following factors set forth in 20 C.F.R. §§ 404.1527(c) and 416.927(c):

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (quotations and citation omitted); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review"). As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies *See,*

*e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

Plaintiff argues that the ALJ erred in evaluating the opinions of (A) Dr. Randy Clark, M.D. ("Dr. Clark"), (B) the state agency physicians, and (C) Dr. Joseph C. Fyans, M.D. ("Dr. Fyans").

### A. Dr. Clark

Plaintiff contends that the ALJ offered only vague, conclusory statements and did not cite to any evidence to support his conclusion that Dr. Clark's opinions were entitled to no weight. Plaintiff also asserts that the ALJ used his evaluations of the opinions of the state agency physicians and Dr. Fyans to reject the opinions of Dr. Clark. Those arguments fail.

The court concludes that the ALJ provided sufficient reasoning to support his evaluation of Dr. Clark's opinions. In reaching the conclusion that Dr. Clark's opinions were entitled to no weight, the ALJ properly relied upon the fact that those opinions were inconsistent with the objective evidence in the record and were based upon little beyond Plaintiff's subjective allegations.[12] *See* 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4). The ALJ also properly relied upon the fact that Dr. Clark's opined extreme limitations were contradicted by Plaintiff's documented improvement after her knee surgery, including evidence of a normal gait and the ability to clean carpets and move furniture.[13] *See* 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4).

---

[12] *See* AR 33.

[13] *See id*.

The court also concludes that the ALJ cited to substantial evidence to support his conclusions about Dr. Clark's opinions. In his summary of the evidence preceding his evaluation of Dr. Clark's opinions, the ALJ discussed specific evidence showing Plaintiff's improvement after knee surgery and relatively normal physical findings.[14] In doing so, the ALJ satisfied his obligations in weighing Dr. Clark's opinions. *See Endriss v. Astrue*, 506 F. App'x 772, 777 (10th Cir. 2012) ("The ALJ set forth a summary of the relevant objective medical evidence earlier in his decision and he is not required to continue to recite the same evidence again in rejecting [a medical] opinion.").

The court further concludes that, contrary to Plaintiff's argument, the ALJ did not use his evaluations of the opinions of the state agency physicians and Dr. Fyans to reject the opinions of Dr. Clark. While the opinions of the state agency physicians and Dr. Fyans might have differed from Dr. Clark's opinions, nowhere in the ALJ's decision does he state that he is using the former opinions to reject those of Dr. Clark. Furthermore, as will be discussed below, the court concludes that the ALJ did not err in his evaluation of the opinions of the state agency physicians or Dr. Fyans.

### B. State Agency Physicians

Plaintiff argues that the ALJ erred by giving great weight to the state agency physicians' opinions. Specifically, Plaintiff takes issue with the fact that those opinions were issued prior to the alleged worsening of her lower extremity impairments.

As for the weight the ALJ assigned to the state agency physicians' opinions, the court concludes that the ALJ engaged in a proper analysis. The ALJ properly relied upon the fact that

---

[14] *See* AR 29-30.

those opinions were consistent with and supported by the objective medical evidence and the entire record.[15] *See* 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4).

The court also concludes that the ALJ did not err by assigning great weight to the state agency physicians' opinions, even though those opinions may have been issued prior to the alleged exacerbation of Plaintiff's lower extremity impairments. As the Commissioner has argued, it appears that the ALJ took that fact into account when assessing Plaintiff's RFC. Indeed, although the ALJ gave great weight to the state agency physicians' opinions, he ultimately determined that Plaintiff was more limited than those opinions indicated. For example, one state agency physician opined that Plaintiff would be capable of climbing ladders, ropes, and scaffolds and frequently balancing, crawling, and kneeling.[16] However, the ALJ determined that Plaintiff was more restricted and limited her to no climbing of ladders, ropes, and scaffolds; occasional balancing and kneeling; no crawling; and only occasional exposure to vibration, operation of motor vehicles, and use of foot controls.[17] The court concludes that, in doing so, the ALJ chose to take Plaintiff's alleged lower extremity impairments into account when he assessed Plaintiff's RFC, even though he gave great weight overall to the state agency physicians' opinions. *See, e.g.*, *Smith v. Colvin*, 821 F.3d 1264, 1268 (10th Cir. 2016) ("Faced with the conflicting opinions, the administrative law judge adopted a middle ground. . . . In this manner, the judge arrived at an assessment between the two medical opinions without fully

---

[15] *See* AR 31.

[16] *See* AR 107-108.

[17] *See* AR 27.

embracing either one. We upheld this approach in *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).").

### C. Dr. Fyans

Plaintiff asserts that the ALJ erred in his evaluation of the opinions of Dr. Fyans. The court disagrees. In reaching the conclusion that Dr. Fyans' opinions were entitled to great weight, the ALJ properly relied upon the fact that Dr. Fyans was an orthopedic specialist and conducted a thorough in-person evaluation of Plaintiff.[18] *See* 20 C.F.R. §§ 404.1527(c)(1), (5), 416.927(c)(1), (5). The ALJ also properly relied upon the fact that Dr. Fyans' opinions were consistent with the result of his mostly normal examination of Plaintiff and with the record.[19] *See* 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4).

## II. Edema

Plaintiff argues that the ALJ erred by failing to account for her alleged impairment of edema and her need to elevate her legs above her heart throughout the day. In support of that argument, Plaintiff merely points to select portions of record evidence. In doing so, Plaintiff is essentially asking this court to substitute its judgment of the evidence for the judgment made by the ALJ. That is an unavailing argument on appeal. *See Tillery v. Schweiker*, 713 F.2d 601, 603 (10th Cir. 1983) (providing that when the evidence permits varying inferences, the court may not substitute its judgment for that of the ALJ); *see also Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the

---

[18] *See* AR 31.

[19] *See id.*

agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.") (quotations and citations omitted) (alteration in original).

## **CONCLUSION AND ORDER**

In summary, the court concludes that all of Plaintiff's arguments fail. Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 12th day of October, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge